DISTRICT COURT OF THE VIRGIN ISLANDS
                      DIVISION OF ST. THOMAS AND ST. JOHN

HENRY MCALARNEY,                    )
                                    )
            Plaintiff,              )
                                    )
        v.                          )       Civil No. 2015-64
                                    )
                                    )
ROY'S CONSTRUCTION, INC.;           )
GERALD R. ROY; MARRIOTT             )
OWNERSHIP RESORTS (ST. THOMAS),     )
INC.; MARRIOTT OWNERSHIP            )
RESORTS, INC.; and APEX             )
CONSTRUCTION CO., INC.,             )
                                    )
            Defendants.             )
                                    )

**ATTORNEYS:**

**Thomas F. Friedberg, Esq.**
Law offices of Friedberg & Bunge
San Diego, CA
   *For Henry McAlarney*

**Sarah R. Smith**
SmithWilliams
St. Thomas, VI
   *For Roy's Construction, Inc. and Gerald R. Roy,*

**Jennifer Brooks**
**Melanie L. Grant**
Hamilton, Miller & Birthisel, LLP
Miami, FL
   *For Marriott Ownership Resorts (St. Thomas), Inc., and*
   *Marriott Ownership Resorts, Inc.,*

**Douglas L. Capdeville**
Law Offices of Douglas L. Capdeville
St. Thomas, U.S.V.I.
   *For Marriott Ownership Resorts (St. Thomas), Inc., and*
   *Marriott Ownership Resorts, Inc.,*

**Ryan C. Meade**
Quintairo, Prieto,Wood & Boyer, P.A.
Miami, FL
   *For Apex Construction Co., Inc.,*

**Stacy Lee White**
Law Offices of Stacy L. White
St. Croix, U.S.V.I.
   *For Kraus-Manning, Inc.,*

**James Helf**
**Jose B. Rodriguez**
Daniels, Rodriguez, Berkeley, Daniels & Cruz
Fort Lauderdale, FL
   *For L2 Studios, Inc.,*

**James L. Hymes,III**
Law Offices of James L. Hymes, III, P.C.
St. Thomas, U.S.V.I.
   *For L2 Studios, Inc.*

## ORDER

**GÓMEZ, J.**

Before the Court is the third-party complaint of Marriott Ownership Resorts (St. Thomas), Inc., and Marriott Ownership Resorts, Inc.

### I. FACTUAL AND PROCEDURAL HISTORY

On September 20, 2013, Henry McAlarney ("McAlarney") was a guest at Marriott Ownership Resorts in St. Thomas (the "Marriott hotel"). That afternoon, he was walking on an outside stairway when he hit his head on a protruding portion of the roof and rain gutter. As a result, he sustained injuries.

On September 12, 2015, McAlarney filed a three-count complaint against (1) Roy's Construction, Inc. ("Roy's Construction"), and Gerald R. Roy ("Roy"); (2) Marriott Ownership Resorts (St. Thomas), Inc.; and (3) Marriott Ownership Resorts, Inc. (collectively, "Marriott").

McAlarney alleges that (1) Roy's Construction and Roy are "contractors, builders and others responsible for construction of the buildings, stairways and other structures at the Marriott Ownership Resorts, including the outdoor staircases, roofs and metal rain gutters attached to the roofs," ECF No. 1 at ¶ 7; (2) Marriott Ownership Resorts (St. Thomas), Inc., "owned, operated, maintained, repaired, inspected and otherwise controlled the outdoor stairways, including the roof and rain/gutter system where this incident occurred which was built and constructed by" Roy's Construction and Roy, *id.* at ¶ 17; and (3) Marriott Ownership Resorts, Inc., "developed, designed, managed, controlled and supervised the construction of the Marriott Ownership Resorts and managed and approved the building and construction of the outdoor stairway and the roof/rain gutter system, as herein described, including managing and approving the construction by" Roy's Construction and Roy, *id.* at ¶ 29.

Count One of the complaint alleges a negligence claim against Roy's Construction and Roy. Count Two of the Complaint

alleges a negligence claim against Marriott Ownership Resorts (St. Thomas), Inc. Count Three of the complaint alleges a negligence claim against Marriott Ownership Resorts, Inc.

On December 1, 2015, Marriott moved to dismiss McAlarney's complaint for failure to state a claim. The Court denied the motion on August 16, 2016.

On August 23, 2016, the Magistrate Judge entered a scheduling order. Pursuant to the scheduling order: factual discovery was due to be completed by December 30, 2016; motions to amend the pleadings and to join additional parties were to be filed no later than October 31, 2016; and a jury trial was scheduled for December 18, 2017.

On November 2, 2016, McAlarney and Marriott filed a joint motion seeking a modification of the Court's scheduling Order. Among other things, McAlarney and Marriott sought to extend the deadline to add new parties to November 30, 2016.

On December 4, 2016, McAlarney moved to amend the scheduling order. Among other things, McAlarney requested that the Court extend the deadline to add new parties to February 1, 2017. In the motion, McAlarney indicated that Roy's deposition had been scheduled for October 20, 2016. Counsel for Roy's Construction and Roy asked McAlarney's counsel to continue the deposition because "a third party complaint would be filed on or

before October 28, 2016, naming Kraus-Manning (general contractor) and L2 Studios, Inc. (Architect)." *Mot. to Modify Trial Management Order*, ECF No. 55 at ¶ 5. McAlarney obliged and "took the deposition off calendar." *Id.*

On January 18, 2017, Marriott filed an answer to McAlarney's complaint. Later that same day, Marriott moved for an extension of time to file its answer. The Court subsequently granted the motion.

On January 26, 2017, the Magistrate entered a second scheduling order. Pursuant to the scheduling order: all factual discovery was to be completed by April 15, 2017; motions to amend pleadings and to join parties were due by March 1, 2017; and a jury trial was scheduled for December 18, 2017.

On March 1, 2017, Marriott filed a third-party complaint asserting two causes of action for contractual indemnity against L2 Studios, Inc., ("L2 Studios") and Kraus-Manning, Inc., ("Kraus-Manning"). Marriott alleges that L2 Studios is an architecture firm that designed the roof and rain gutter system in the Marriott hotel. Marriott alleges that Kraus-Manning is a project management and construction consulting firm that approved L2 Studios' designs. Marriott asserts that both L2 Studios and Kraus-Manning entered into contracts with Marriott that include indemnification provisions.

On March 13, 2017, Marriott filed a second third-party complaint. The March 13, 2017, complaint appears to be identical to the March 1, 2017, complaint.

On March 14, 2017, Marriott filed a motion for extension of time to add additional parties. Marriott asserted that "[t]hrough discovery it ha[d] determined that a staircase subcontractor may also be liable for" McAlarney's injuries. *Mot. For Extension of Time to File Mot. To Add Additional Parties*, ECF No. 78 at 2. Marriott claimed that its "attempts to obtain any information on the staircase subcontractor [from the general contractor, Kraus-Manning,] were unsuccessful as Kraus-Manning remained unresponsive to [Marriott's] correspondence." *Id.* As such, the March 14, 2017, motion requested an extension of time to April 3, 2017, to add the subcontractor as a party. The March 1, 2017, deadline for motions to add parties was not extended.

## II. DISCUSSION

Federal Rule of Civil Procedure 14 ("Rule 14") permits a defendant to file a third-party complaint against "a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). A defendant "must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer." *Id.*

### III. ANALYSIS

Marriott filed its original answer on January 18, 2017. The parties in this matter were served through the Court's Electronic Filing System upon the filing of that answer. *See* LRCi 8(i) ("The 'Notice of Electronic Filing' that is automatically generated by the Court's Electronic Filing System . . . constitutes service of the filed document on Filing Users."). On March 1, 2017, well after 14 days had passed since serving its original answer, Marriott filed a third-party complaint. Significantly, Marriott did not, "by motion, obtain the court's leave" before doing so. *See* Fed. R. Civ. P. 14(a)(1).

As a general rule, when a party is required to seek the Court's leave before filing a pleading, the failure to seek such leave renders the pleading a legal nullity. *See Schmidt v. United States*, 749 F.3d 1064, 1069 (D.C. Cir. 2014) ("[T]he District Court rightly disallowed his amended complaint, which, absent consent or leave of court, was without legal effect."); *United States ex rel. Matthews v. Healthsouth Corp.,* 332 F.3d 293, 295 (5th Cir.2003) ("In general, if an amendment that cannot be made as of right is served without obtaining the court's leave or the opposing party's consent, it is without

legal effect and any new matter it contains will not be considered unless the amendment is resubmitted for the court's approval." (internal quotation marks omitted)); *Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) ("Generally speaking, an amendment that has been filed or served without leave of court or consent of the defendants is without legal effect."). Because Marriott was required, but failed, to seek the Court's leave before filing its third-party complaint, the third-party complaint is without legal effect. Accordingly, the Court will strike those filings from the record.[1] *Cf. Fed. Trade Comm'n v. Ross-Clayton Funeral Home, Inc.*, No. 2:13CV851-MHT, 2015 WL 6123710, at *1 (M.D. Ala. Oct. 16, 2015) (striking third-party complaint because defendants "were required to but failed to seek leave to court before filing their third-party complaint"); *Chalpin Dental Assocs., PC v. Cieos, Inc.*, No. CIV.A. 10-7342, 2011 WL 1790126, at *1 (E.D. Pa. May 10, 2011) (striking third-party complaint because defendant "did not, . . . seek the court's leave via motion prior to filing the third-party complaint").

The premises considered, it is hereby

---

[1] "District courts have the inherent power to strike items from their docket for litigation conduct." *Ibrahim v. U.S. Dep't of Homeland Sec.*, 835 F.3d 1048, 1065 (9th Cir. 2016).

**ORDERED** that the third-party complaints filed by Marriott against Kraus-Manning and L2 Studios docketed at ECF Numbers 74 and 76 are **STRICKEN;** and it is further

**ORDERED** that the motion for extension of time to add parties docketed at ECF Number 78 is **MOOT.**

                                                **S\_____
       CURTIS V. GÓMEZ
       District Judge**