DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| HENRY MCALARNEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 2015-64 |
| | ) |
| ROY'S CONSTRUCTION, INC.; | ) |
| GERALD R. ROY; MARRIOTT | ) |
| OWNERSHIP RESORTS (ST. THOMAS), | ) |
| INC.; MARRIOTT OWNERSHIP | ) |
| RESORTS, INC.; and APEX | ) |
| CONSTRUCTION CO., INC., | ) |
| | ) |
| Defendants. | ) |
| | ) |

ATTORNEYS:


**Thomas F. Friedberg, Esq.**
Law offices of Friedberg & Bunge
San Diego, CA
   *For Henry McAlarney*

**Sarah R. Smith**
SmithWilliams
St. Thomas, VI
   *For Roy's Construction, Inc. and Gerald R. Roy,*

**Jennifer Brooks**
**Melanie L. Grant**
Hamilton, Miller & Birthisel, LLP
Miami, FL
   *For Marriott Ownership Resorts (St. Thomas), Inc., and*
   *Marriott Ownership Resorts, Inc.,*

**Douglas L. Capdeville**
Law Offices of Douglas L. Capdeville
St. Thomas, U.S.V.I.

  *For Marriott Ownership Resorts (St. Thomas), Inc., and Marriott Ownership Resorts, Inc.,*

**Ryan C. Meade**
Quintairo, Prieto,Wood & Boyer, P.A.
Miami, FL
  *For Apex Construction Co., Inc.,*

**Stacy Lee White**
Law Offices of Stacy L. White
St. Croix, U.S.V.I.
  *For Kraus-Manning, Inc.,*

**James Helf**
**Jose B. Rodriguez**
Daniels, Rodriguez, Berkeley, Daniels & Cruz
Fort Lauderdale, FL
  *For L2 Studios, Inc.,*

**James L. Hymes,III**
Law Offices of James L. Hymes, III, P.C.
St. Thomas, U.S.V.I.
  *For L2 Studios, Inc.*

## ORDER

**GÓMEZ, J.**

  Before the Court is the July 18, 2017, order of the Magistrate Judge granting Henry McAlarney leave to amend his complaint.

## I.     FACTUAL AND PROCEDURAL HISTORY

On September 20, 2013, Henry McAlarney ("McAlarney") was a guest at Marriott Ownership Resorts in St. Thomas (the "Marriott hotel"). That afternoon, he was walking on an outside stairway when he hit his head on a protruding portion of the roof and rain gutter. As a result, he sustained injuries.

On September 12, 2015, McAlarney filed a three-count complaint against (1) Roy's Construction, Inc. ("Roy's Construction"), and Gerald R. Roy ("Roy"); (2) Marriott Ownership Resorts (St. Thomas), Inc.; and (3) Marriott Ownership Resorts, Inc. (collectively, "Marriott").

McAlarney alleges that (1) Roy's Construction and Roy are "contractors, builders and others responsible for construction of the buildings, stairways and other structures at the Marriott Ownership Resorts, including the outdoor staircases, roofs and metal rain gutters attached to the roofs," ECF No. 1 at ¶ 7; (2) Marriott Ownership Resorts (St. Thomas), Inc., "owned, operated, maintained, repaired, inspected and otherwise controlled the outdoor stairways, including the roof and rain/gutter system where this incident occurred which was built and constructed by" Roy's Construction and Roy, *id.* at ¶ 17; and (3) Marriott Ownership Resorts, Inc., "developed, designed, managed, controlled and supervised the construction of the Marriott

Ownership Resorts and managed and approved the building and construction of the outdoor stairway and the roof/rain gutter system, as herein described, including managing and approving the construction by" Roy's Construction and Roy, *id.* at ¶ 29.

Count One of the complaint alleges a negligence claim against Roy's Construction and Roy. Count Two of the Complaint alleges a negligence claim against Marriott Ownership Resorts (St. Thomas), Inc. Count Three of the complaint alleges a negligence claim against Marriott Ownership Resorts, Inc.

On December 1, 2015, Marriott moved to dismiss McAlarney's complaint for failure to state a claim. The Court denied the motion on August 16, 2016.

On August 23, 2016, the Magistrate Judge entered a scheduling order. Pursuant to the scheduling order: factual discovery was due to be completed by December 30, 2016; motions to amend the pleadings and to join additional parties were to be filed no later than October 31, 2016; and a jury trial was scheduled for December 18, 2017.

On November 2, 2016, McAlarney and Marriott filed a joint motion seeking a modification of the Court's scheduling Order. Among other things, McAlarney and Marriott sought to extend the deadline to add new parties to November 30, 2016.

On December 4, 2016, McAlarney moved to amend the scheduling order. Among other things, McAlarney requested that the Court extend the deadline to add new parties to February 1, 2017. In the motion, McAlarney indicated that Roy's deposition had been scheduled for October 20, 2016. Counsel for Roy's Construction and Roy asked McAlarney's counsel to continue the deposition because "a third party complaint would be filed on or before October 28, 2016, naming Kraus-Manning (general contractor) and L2 Studios, Inc. (Architect)." *Mot. to Modify Trial Management Order*, ECF No. 55 at ¶ 5. McAlarney obliged and "took the deposition off calendar." *Id.*

On December 23, 2016, the Court scheduled this matter for mediation to commence on January 20, 2017. On January 17, 2017, Marriott filed a motion to continue the mediation. Marriott asserted, among other things, that "there were several different contractors, sub-contractors and related companies hired to perform the work at issue, some of which have direct involvement with the claims of [McAlarney], and potential liability." At ¶ 6. Marriott asserted that it was "investigating whether to assert claims against such additional indispensable parties." *Id.*

On January 18, 2017, Marriott filed an answer to McAlarney's complaint out of time. Later that day, Marriott

moved for an extension of time to file its answer. The Court subsequently granted the motion.

On January 26, 2017, the Magistrate entered a second scheduling order. Pursuant to the scheduling order: all factual discovery was to be completed by April 15, 2017; motions to amend pleadings and to join parties were due by March 1, 2017; and a jury trial was scheduled for December 18, 2017.

On March 1, 2017, Marriott filed a third-party complaint asserting two causes of action for contractual indemnity against L2 Studios, Inc., ("L2 Studios") and Kraus-Manning, Inc., ("Kraus-Manning"). Marriott alleges that L2 Studios is an architecture firm that designed the roof and rain gutter system in the Marriott hotel. Marriott alleges that Kraus-Manning is a project management and construction consulting firm that approved L2 Studios's designs. Marriott asserts that both L2 Studios and Kraus-Manning entered into contracts with Marriott that include indemnification provisions.

On June 30, 2017, the Magistrate held a status conference in this matter. At the status conference, Marriot indicated that it had recently learned the name of the subcontractor that had built the staircase at the Marriott hotel: Apex Construction Co., Inc. ("Apex"). McAlarney indicated that he intended to amend his complaint to add Apex as a defendant. The Magistrate

informed McAlarney that the Magistrate would address any motion to amend a complaint at a subsequent hearing.

On July 7, 2017, the Magistrate entered a third scheduling order. Pursuant to the July 7, 2017, scheduling order, all factual discovery was to be completed by September 1, 2017. The jury trial in this matter was rescheduled to commence on April 2, 2018. The Magistrate did not alter the March 1, 2017, deadline for filing motions to amend pleadings.

On July 11, 2017, McAlarney moved to amend his complaint to assert a negligence claim against Apex. McAlarney asserted that on February 23, 2017, his "experts performed a site inspection at the Marriott [hotel]." McAlarney's experts concluded that the construction of the stairway may have been a contributing factor in creating the alleged dangerous condition. McAlarney also asserted that he first learned that Apex was the subcontractor for the stairway at the June 30, 2017, status conference. McAlarney argued that he should be granted leave to amend his complaint under Federal Rule of Civil Procedure 15(a)(2).

On July 18, 2017, the Magistrate held a hearing in this matter. In attendance at the hearing were McAlarney, Marriott, and L2. The Magistrate asked Marriott and L2 if they objected to McAlarney's motion to amend his complaint. They did not. The

Magistrate then stated that "the motion will be granted without objection." Status Conference at 12:16:41 P.M. on July 18, 2017.

## II. DISCUSSION

Federal Magistrate Judges derive their authority from the Federal Magistrates Act. *See* 28 U.S.C. § 636. "In general, a Magistrate Judge, without the consent of the parties, has the power to enter orders which do not dispose of the case." *In re U.S. Healthcare,* 159 F.3d 142, 145 (3d Cir.1998); *see also* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). "A judge of the court may reconsider [such magistrate orders] . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). "Under [28 U.S.C. § 636](b)(1)(A)], the standard of review is circumscribed: The district court is bound by the clearly erroneous rule in findings of facts; the phrase 'contrary to law' indicates plenary review as to matters of law." *Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 91 (3d Cir. 1992), *as amended* (Sept. 17, 1992).

## III. ANALYSIS

### A. The Magistrate's Order Granting Leave to Amend

Under Federal Rule of Civil Procedure 16(b)(4) ("Rule 16(b)(4)"), "[w]here a scheduling order governs amendment of the pleadings, that order 'may be modified only for good cause and

with the judge's consent.'" *Sang Geoul Lee v. Won Il Park*, -- Fed. App'x --, No. 17-1421, 2017 WL 6508840, at *4 (3d Cir. Dec. 20, 2017) (quoting Fed. R. Civ. P. 16(b)(4)). As such, when a party wishes to amend a pleading after the ordered deadline, "the lenient Fed. R. Civ. P. 15(a)(2) standard that 'the court should freely give leave when justice so requires' yields to the good cause requirement." *Id.* (quoting *Holmes v. Grubman*, 568 F.3d 329, 334-35 (2d Cir. 2009)).

Here, the deadline for motions to amend pleadings was March 1, 2017. McAlarney moved to amend his complaint on July 11, 2017. In considering that motion, the Court was required to assess "good cause." *See Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009). That assessment "turns on the 'diligence of the moving party.'" *Id.* (quoting *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2003)). While the Magistrate subsequently granted McAlarney's motion to amend, there is no record that the "good cause" standard was applied when the March 1, 2017, deadline to amend pleadings was modified by the Magistrate's July 18, 2017, oral order granting McAlarney leave to amend. Indeed, the record suggests that the more liberal standard outlined in Federal Rule of Civil Procedure 15(a)(2) was employed when leave was granted. Significantly, "[a] decision is contrary to law if it applies an incorrect legal standard or fails to consider an element of the

applicable standard." *Ellis v. Benedetti*, No. 3:08-CV-00657-MMD, 2014 WL 1308623, at *4 (D. Nev. Mar. 28, 2014), *aff'd,* 645 Fed. App'x 602 (9th Cir. 2016) (internal quotation marks omitted). Accordingly, the Court will vacate the Magistrate's order granting McAlarney's motion to amend. *Id.; see also Holmes*, 568 F.3d at 335 (affirming order denying leave to amend after scheduling order deadline because "[t]he record [wa]s devoid of evidence supporting plaintiffs' contention that good cause existed for the District Court to modify its scheduling order"); *Sherman v. Winco Fireworks, Inc.,* 532 F.3d 709, 716 (8th Cir.2008) (holding that the district court erred by failing to apply Rule 16(b)'s "good cause" standard when ruling upon a motion to modify a scheduling order).

**B. McAlarney's Motion to Amend his Complaint**

As discussed above, Rule 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The burden is on the moving party to show an extension is justified by good cause. *See, e.g.*, *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d Cir. 2010)

"Whether good cause exists turns on the diligence of the moving party." *Holmes*, 568 F.3d at 335 (internal quotation marks

*McAlarney v. Roy's Construction, Inc., et. al.*
Civil No. 2015-64
Order
Page 11

omitted); *see also Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) ("[The] good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" quoting Fed. R. Civ. P. 16, advisory committee's note, 1983 amendments)). For this reason, the diligence of the party seeking the amendment is the "primary consideration" in determining whether good cause has been shown. *See Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007). In addition, however, district courts may consider other relevant factors such as "futility, bad faith, . . . or undue prejudice to the opposing party." See Holmes, 568 F.3d at 335 (internal quotation marks omitted); *see also Kassner*, 496 F.3d at 244 (explaining that, in addition to diligence, a district court "may consider other relevant factors including, in particular, whether allowing the amendment of the pleading at this stage of the litigation will prejudice defendants"). Generally, were there has not been a "change in the law, . . . newly discovered facts, or any other changed circumstances," a party will not be able to show good cause. *See Hartis v. Chicago Title Ins.*, 694 F.3d 935, 948 (8th Cir. 2012).

Here, McAlarney asserts that he was unable to amend his pleading earlier because he only discovered the identity of the

subcontractor, Apex, after the deadline for amending pleadings had passed. Significantly, however,

> [t]he lack of diligence that precludes a finding of good cause is not limited to a plaintiff who has full knowledge of the information with which it seeks to amend its complaint before the deadline passes. That lack of diligence can include a plaintiff's failure to seek the information it needs to determine whether an amendment is in order.

*S. Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241 (11th Cir. 2009); *see also Payne v. Redmond Park Hosp., LLC*, 394 Fed. App'x 601, 603 (11th Cir. 2010) ("The motion to amend was prompted by a newly discovered infection at the site of Payne's knee surgery, an infection that Plaintiffs allege existed since the surgery. Plaintiffs assert no credible reason why this infection could not have been discovered and diagnosed prior to the expiration of the scheduling order.").

McAlarney filed his complaint on September 12, 2015. In his motion to amend, McAlarney asserts that he did not discover that the construction of the stairway itself might have been a cause of the alleged dangerous condition until he inspected the protruding portion of the roof and rain gutter that he hit his head on. McAlarney did not conduct this inspection until February 23, 2017, less than a week before the deadline to amend pleadings. McAlarney does not explain the reason for this delay. McAlarney also does not describe any efforts he took to learn

*McAlarney v. Roy's Construction, Inc., et. al.*
Civil No. 2015-64
Order
Page 13

the identity of the entity that constructed the stairway. Rather, McAlarney simply asserts that he learned that information when Marriott identified Apex at the June 30, 2017, status conference.

Under these circumstances, the Court finds the McAlarney has not carried his burden of demonstrating good cause to modify the scheduling order. *See Cruz v. Bristol-Myers Squibb Co., PR*, 699 F.3d 563, 570 (1st Cir. 2012) (affirming denial of motion to modify scheduling order because moving party's "cursory explanations d[id] not demonstrate why . . . [the newly discovered] information could not have been uncovered earlier with appropriate diligence"); *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008) (affirming denial of motion to modify scheduling order because moving party "offered no explanation for her failure to timely move for leave").

The premises considered, it is hereby

**ORDERED** that the Magistrate Judge's July 18, 2017, oral order granting McAlarney leave to amend his complaint is **VACATED**; it is further

**ORDERED** that McAlarney's amended complaint docketed at ECF Number 117 is **STRICKEN**; and it is further

**ORDERED** that, no later than February 26, 2018, Marriott and Apex shall file briefs address what effect this Order has on Marriott's cross-claim against Apex.

                                                S\_____
                                                **CURTIS V. GÓMEZ**
                                                **District Judge**