DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

HENRY MCALARNEY,                        )
                                        )
            Plaintiff,                  )
                                        )
       v.                               )   Civil No. 2015-64
                                        )
ROY'S CONSTRUCTION, INC.;               )
GERALD R. ROY; MARRIOTT                 )
OWNERSHIP RESORTS (ST. THOMAS),         )
INC.; MARRIOTT OWNERSHIP                )
RESORTS, INC.; and APEX                 )
CONSTRUCTION CO., INC.,                 )
                                        )
            Defendants.                 )
                                        )

**ATTORNEYS:**

**Thomas F. Friedberg**
Law Offices of Friedberg & Bunge
San Diego, CA
    *For Henry McAlarney*

**Sarah R. Smith-Williams**
St. Thomas, VI
    *For Roy's Construction, Inc. and Gerald R. Roy,*

**Jennifer Quildon Brooks**
**Chivonne A.S. Thomas**
**Melanie L. Grant**
Hamilton, Miller & Birthisel, LLP
Miami, FL
**Douglas L. Capdeville**
Law Offices of Douglas L. Capdeville
St. Thomas, U.S.V.I.
    *For Marriott Ownership Resorts (St. Thomas), Inc., and*
    *Marriott Ownership Resorts, Inc.,*

**Ryan C. Meade**
Quintairo, Prieto, Wood & Boyer, P.A.
Miami, FL
    *For Apex Construction Co., Inc.,*

**Stacy Lee White**
Law Offices of Stacy L. White
St. Croix, U.S.V.I.
    *For Kraus-Manning, Inc.,*

**James Helf**
**Jose B. Rodriguez**
Daniels, Rodriguez, Berkeley, Daniels & Cruz
Fort Lauderdale, FL
**James L. Hymes, III**
Law Offices of James L. Hymes, III, P.C.
St. Thomas, U.S.V.I.
    *For L2 Studios, Inc.*

## ORDER

**GÓMEZ, J.**

Before the Court is the motion of Apex Construction Co., Inc., to tax attorneys' fees and costs against Henry McAlarney.

### I.    FACTUAL AND PROCEDURAL HISTORY

On September 20, 2013, Henry McAlarney ("McAlarney") was a guest at Marriott Ownership Resorts in St. Thomas (the "Marriott hotel"). That afternoon, he was walking on an outside stairway when he hit his head on a protruding portion of the roof and rain gutter. As a result, he sustained injuries.

On September 12, 2015, McAlarney filed a three-count complaint against (1) Roy's Construction, Inc. ("Roy's Construction"), and Gerald R. Roy ("Roy"); (2) Marriott Ownership Resorts (St. Thomas), Inc.; and (3) Marriott Ownership Resorts, Inc. (Marriott Ownership Resorts (St. Thomas), Inc.,

and Marriott Ownership Resorts, Inc., are referred to collectively as "Marriott").

Count One of the complaint alleges a negligence claim against Roy's Construction and Roy. Count Two of the Complaint alleges a negligence claim against Marriott Ownership Resorts (St. Thomas), Inc. Count Three of the complaint alleges a negligence claim against Marriott Ownership Resorts, Inc.

On August 23, 2016, the Magistrate Judge entered a scheduling order. Pursuant to the scheduling order: factual discovery was to be completed by December 30, 2016; motions to amend the pleadings and to join additional parties were to be filed no later than October 31, 2016; and a jury trial was scheduled for December 18, 2017.

On November 2, 2016, McAlarney and Marriott filed a joint motion seeking a modification of the Court's scheduling Order. Among other things, McAlarney and Marriott sought to extend the deadline to add new parties to November 30, 2016.

On December 4, 2016, McAlarney again moved to amend the scheduling order. Among other things, McAlarney requested that the Court extend the deadline to add new parties to February 1, 2017.

On January 26, 2017, the Magistrate Judge entered a second scheduling order. Pursuant to that scheduling order: all factual

discovery was to be completed by April 15, 2017; motions to amend pleadings and to join parties were due by March 1, 2017; and a jury trial was scheduled for December 18, 2017.

On March 1, 2017, Marriott filed a third-party complaint against L2 Studios, Inc., ("L2 Studios"), the architecture firm that designed the roof and rain gutter system at the Marriott hotel, and Kraus-Manning, Inc., ("Kraus-Manning"), the project management and construction consulting firm that approved L2 Studios' designs. L2 Studios and Kraus-Manning were each alleged to be liable for contractual indemnity.

On March 14, 2017, Marriott filed a motion for extension of time to add additional parties. Marriott asserted that "[t]hrough discovery it ha[d] determined that a staircase subcontractor may also be liable for" McAlarney's injuries. *Mot. For Extension of Time to File Mot. To Add Additional Parties*, ECF No. 78 at 2. Marriott claimed that its "attempts to obtain any information on the staircase subcontractor [from the general contractor, Kraus-Manning,] were unsuccessful as Kraus-Manning remained unresponsive to [Marriott's] correspondence." *Id.* As such, the March 14, 2017, motion requested an extension of time to April 3, 2017, to add the subcontractor as a party. The March 1, 2017, deadline for motions to add parties was not extended.

On June 30, 2017, the Magistrate held a status conference in this matter. At the status conference, Marriot indicated that it had recently learned the name of the subcontractor that had built the staircase at the Marriott hotel: Apex Construction Co., Inc. ("Apex"). McAlarney indicated that he intended to amend his complaint to add Apex as a defendant.

On July 11, 2017, McAlarney moved to amend his complaint to assert a negligence claim against Apex. McAlarney asserted that on February 23, 2017, his "experts performed a site inspection at the Marriott [hotel]." McAlarney's experts concluded that the construction of the stairway may have been a contributing factor in creating the alleged dangerous condition. McAlarney also asserted that, at the June 30, 2017, status conference, he first learned that Apex built the stairway. McAlarney argued that he should be granted leave to amend his complaint under Federal Rule of Civil Procedure 15(a)(2).

On July 18, 2017, the Magistrate held a hearing in this matter. In attendance at the hearing were McAlarney, Marriott, and L2. The Magistrate asked Marriott and L2 if they objected to McAlarney's motion to amend his complaint. They did not. The Magistrate then stated that "the motion will be granted without objection." Status Conference at 12:16:41 P.M. on July 18, 2017.

On July 20, 2017, McAlarney filed an amended complaint adding Apex as a defendant. McAlarney alleged a negligence claim against Apex.

On December 7, 2017, Apex filed a motion to dismiss the amended complaint. Apex argued that the amended complaint was barred by the statute of limitations.

On December 18, 2017, McAlarney filed a response to Apex's motion to dismiss. In his response, McAlarney argued that the relation back doctrine applies. McAlarney requested factual discovery to determine when Apex became aware of the complaint in this matter. On January 29, 2018, Apex filed a reply asserting that Apex first became aware of this matter when it was served on July 31, 2017.

On February 8, 2018, the Court struck the third-party complaint against L2 Studios and Kraus-Manning because Marriott failed to seek leave of court.

On February 12, 2018, the Court vacated the Magistrate Judge's July 18, 2017, oral order granting McAlarney leave to amend his complaint because McAlarney did not demonstrate good cause to modify the scheduling order. The Court struck the amended complaint.

On February 27, 2018, Marriott filed an action in the Superior Court of the Virgin Islands, Case No. ST-180CV-098,

(the "Superior Court action") against L2 Studios, Kraus-Manning, and Apex. Marriott asserted causes of action against L2 Studios, Kraus-Manning, and Apex for contractual and common law indemnification and contribution arising from McAlarney's claims against Marriott.

On April 12, 2018, the Court held a status conference in this matter. At that conference, the parties advised the Court that they had entered a settlement agreement resolving all claims. On the same date, the Court entered a judgment approving the settlement agreement, vacating the trial setting, and dismissing the case.

Apex now moves for attorneys' fees and costs from McAlarney. Apex asserts that it is entitled to attorneys' fees and costs pursuant to 5 V.I.C. § 541 because Apex qualifies as a prevailing party and McAlarney's claim was frivolous.

## II.  DISCUSSION

Title 5, section 541 of the Virgin Islands Code ("Section 541") in pertinent part provides that ". . . the award of attorney's fees in personal injury cases is prohibited unless the court finds that the complaint filed . . . is frivolous." 5 V.I.C. § 541(b). Section 541 in pertinent part defines "frivolous" as "without legal or factual merit; or for the

purpose of causing unnecessary delay; or for the purpose of harassing an opposing party." 5 V.I.C. § 541(c).

### III. ANALYSIS

Apex argues that McAlarney's amended complaint was frivolous because it was barred by the statute of limitations.

The Virgin Islands Supreme Court has not addressed whether a complaint is frivolous because it is brought outside the limitations period. Significantly, in *Ford v. Temple Hospital*, 790 F.2d 342 (3d Cir. 1986), the Third Circuit has explained that

> The statute of limitations is an affirmative defense. As Professor Moore has advised us: "Rule 8(c) . . . is concerned with affirmative defenses--the pleading of matter that is not within the claimant's prima facie case." "Statute of limitations--Rule 8(c) lists the statute of limitations as an affirmative defense; and when the statute merely bars the remedy it is truly an affirmative defense and is waived if not pleaded or otherwise properly raised." . . .
>
> In the real world of litigation, counsel are not expected to be omniscient. No one knows for certain whether a potential affirmative defense will be in fact pled. The law books are replete with decisions where counsel has failed to file an affirmative defense or failed to file it timely.

*Ford*, 790 F.2d at 348-49 (citations omitted).

In *Ford*, attorney Arthur Klein ("Klein") filed a Title VII Civil Rights action on behalf of Celestine Ford ("Ford") against Temple Hospital ("Temple") and the National Union of Hospital &

Health Care Employees, Local 1199C (the "Union"). *Id.* at 344. The complaint was not filed until 14 days after the applicable 90 day limitations period. *Id.* at 345. Temple and the Union, respectively, filed motions for summary judgment asserting that the action was time-barred. *Id.* Klein, on behalf of Ford, did not dispute the contention that the complaint had been filed after the limitations period, but argued that equitable defenses such as waiver, estoppel, or tolling were applicable to the action. *Id.* The district court rejected Klein's arguments and granted the motions for summary judgment. *Id.* Thereafter, Temple and the Union filed motions for attorneys' fees. *Id.* The district court assessed attorneys' fees, holding that "Klein acted in bad faith by '*bringing* and maintaining this baseless and frivolous litigation, . . . .'" *Id.* at 346 (emphasis added in *Ford*)(citations omitted).

On appeal, the Third Circuit reversed in part, finding that the award of fees for Klein's conduct prior to the filing of the motion for summary judgment was in error as a matter of law. *Id.* at 350-51. The Third Circuit explained that "the major error of the district court was its failure to separately analyze the facts pertaining to (1) the *initiation* of a lawsuit and (2) a subsequent maintenance of a lawsuit *after* it has been

established that an adversary has asserted an unchallengable defense." *Id.* at 348 (emphasis in original).

> In this case, Klein was not bound to assume that his potential adversaries would plead the defense or that by their conduct they might not in some way waive the defense.
>
> Thus, we hold that as a matter of law, on the unique facts of this case, the district court erred in ruling that the *initiation* of the complaint was in bad faith or frivolous.

*Id.* at 349 (emphasis in original).

In *Duncan v. Village of Middlefield*, 1994 WL 269578 (6th Cir. 1994), the Sixth Circuit addressed the issue of whether a lawsuit was frivolous even though it was barred by the statute of limitations. In that case, Richard and Lorraine Duncan (the "Duncans") sued the Village of Middlefield (the "Village") under 42 U.S.C. § 1983, alleging that the Village unconstitutionally deprived them of the use of their property when it denied them a zoning variance. *Duncan*, 1994 WL 269578, at *1 (6th Cir. 1994). Prior to bringing their action in the federal court, the Duncans had filed five previous actions in the Ohio courts, each challenging the constitutionality of the zoning ordinance as applied to the Duncans' property. *Id.* The Village moved for summary judgment. *Id.* The district court granted summary judgment in favor of the Village, finding that the Duncans' claims were barred by the statute of limitations as well as the

doctrine of res judicata. *Id.* The Sixth Circuit affirmed the district court's grant of summary judgment. *Id.* Subsequently, the Village filed a motion for attorneys' fees pursuant to 42 U.S.C. § 1988. *Id.* The district court found that the Duncans' claims were not frivolous and that the Village was not entitled to attorneys' fees under 42 U.S.C. § 1988. *Id.*

The Sixth Circuit affirmed. *Id.* at *6. The Sixth Circuit explained that, in civil rights litigation, "[a] prevailing defendant may recover an attorney's fee only where the suit was vexatious, frivolous, or brought to harass or embarrass the defendant." *Id.* at *4 (internal quotation marks and citations omitted). Significantly, the Sixth Circuit explained that

> [t]he Village argues that the district court erred in finding that the Duncans' action was not frivolous even though it was barred by the statute of limitations. However, merely "[a]sserting a time-barred claim alone does not justify an award of attorney's fees." The statute of limitations is an affirmative defense which the defendant must raise pursuant to Federal Rule of Civil Procedure 8(c). The plaintiff is not required to anticipate that a defendant would raise it. "No one knows for certain whether a potential affirmative defense will be in fact pled. The law books are replete with decisions where counsel has failed to file an affirmative defense or failed to file it timely."

*Id.* at *4 (citations omitted). Thus, the Sixth Circuit held that "the district court did not err in concluding that the initiation of the Duncans' action, the filing of the complaint,

was not frivolous, even though the complaint was time-barred by the statute of limitations." *Id.* at *5.

Here, Apex's argument that McAlarney's amended complaint is frivolous is founded solely on McAlarney's filing of a time-barred claim. The filing of a time-barred claim, standing alone, does not convert that claim into one that is devoid of legal merit or one that is advanced to harass the defendant. Indeed, because a limitations defense is waivable, a time-barred claim could proceed to a merits adjudication. To the extent a charge is made that a claim is frivolous, the burden is on the party making such charge to demonstrate that the claim is frivolous.[1]

Aside from asserting a limitations violation, Apex has not offered any evidence that the claims in McAlarney's amended complaint were otherwise legally or factually meritless. Apex also has failed to offer any evidence that McAlarney's claims were made to harass Apex or to cause any delay in this matter.

---

[1] *See, e.g., Harris v. Maricopa Cnty. Superior Court*, 631 F.3d 963, 971-72 (9th Cir. 2011) ("[I]n cases involving attorneys [sic] fees generally, '[t]he burden of establishing entitlement to an attorneys [sic] fees award lies solely with the claimant.'"); *Binder v. McVey*, No. 2005-137, 2008 U.S. Dist. LEXIS 1117, at *4 n.4 (D.V.I. Jan. 2, 2008) (explaining that an award of attorneys' fees under 5 V.I.C. § 541(b) would be inappropriate because the McVeys had not met their burden of showing that Binder's complaint was frivolous); *cf. United States v. Manzo*, 712 F.3d 805, 810 (3d Cir. 2013) (explaining that the party seeking fees under a federal fee shifting statute bears the burden of proving that the opposing party's position was frivolous); *Berlin v. Patrick*, 855 F. Supp. 800, 801 (D.V.I. 1994) (denying an award of attorneys' fees where the "plaintiffs have not attempted to establish that any defense asserted by defendant was frivolous").

*McAlarney v. Roy's Construction, Inc., et. al.*
Civil No. 2015-64
Order
Page 13

In sum, Apex has failed to meet its burden of demonstrating that McAlarney's amended complaint was frivolous. As such, McAlarney is not subject to taxation for fees or costs under Section 541.[2]

The premises considered, it is hereby

**ORDERED** that Apex's motion to tax its fees and costs, ECF No. 212, is hereby **DENIED;** and it is further

**ORDERED** that Apex's motion for an extension of time, ECF No. 219, to file its reply to McAlarney's opposition to Apex's motion to tax fees is hereby **GRANTED.**

S\_____
**CURTIS V. GÓMEZ
District Judge**

---

[2] Apex also argues that the Amended Complaint was frivolous because McAlarney's motion to amend lacked good cause. McAlarney's motion to amend argued the incorrect standard--that the court should freely give leave to amend when justice so requires. The record appears to indicate that the Magistrate Judge applied that standard. However, because McAlarney moved to amend after the deadline set by the scheduling order, the proper standard under Federal Rule of Civil Procedure 16(b)(4) required good cause and the Court's consent. The Court found that McAlarney had not carried his burden of demonstrating good cause to modify the scheduling order. Accordingly, the Court struck McAlarney's amended complaint in its February 12, 2018, order. Contrary to Apex's argument, McAlarney's failure to establish good cause justifying the late amendment of his complaint does not render McAlarney's amended complaint frivolous. *Cf. Christiansburg Garment Co. v. Equal Emp't Opportunity Comm'n*, 434 U.S. 412, 421-22 (1978)(noting that, when a court is determining whether a claim is frivolous, unreasonable, or without foundation, "it is important that a district court resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. . . . Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.").