DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

HENRY MCALARNEY,                )
                                )
        Plaintiff,               )
                                )
        v.                       )    Civil No. 2015-64
                                )
ROY'S CONSTRUCTION, INC.;        )
GERALD R. ROY; MARRIOTT          )
OWNERSHIP RESORTS (ST. THOMAS),  )
INC.; MARRIOTT OWNERSHIP         )
RESORTS, INC.; and APEX          )
CONSTRUCTION CO., INC.,          )
                                )
        Defendants.              )
                                )

**ATTORNEYS:**

**Thomas F. Friedberg**
Law Offices of Friedberg & Bunge
San Diego, CA
    *For Henry McAlarney*

**Sarah R. Smith-Williams**
St. Thomas, VI
    *For Roy's Construction, Inc. and Gerald R. Roy,*

**Jennifer Quildon Brooks**
**Chivonne A.S. Thomas**
**Melanie L. Grant**
Hamilton, Miller & Birthisel, LLP
Miami, FL
**Douglas L. Capdeville**
Law Offices of Douglas L. Capdeville
St. Thomas, U.S.V.I.
    *For Marriott Ownership Resorts (St. Thomas), Inc., and*
    *Marriott Ownership Resorts, Inc.,*

**Ryan C. Meade**
Quintairo, Prieto, Wood & Boyer, P.A.
Miami, FL
    *For Apex Construction Co., Inc.,*

**Stacy Lee White**
Law Offices of Stacy L. White
St. Croix, U.S.V.I.
    *For Kraus-Manning, Inc.,*

**James Helf**
**Jose B. Rodriguez**
Daniels, Rodriguez, Berkeley, Daniels & Cruz
Fort Lauderdale, FL
**James L. Hymes, III**
Law Offices of James L. Hymes, III, P.C.
St. Thomas, U.S.V.I.
    *For L2 Studios, Inc.*

## ORDER

**GÓMEZ, J.**

Before the Court is the motion of Marriott Ownership Resorts (St. Thomas), Inc., and Marriott Ownership Resorts, Inc., for an extension of time: (1) to make payment pursuant to a settlement agreement in this matter; and, (2) to enforce the settlement agreement.

On September 20, 2013, Henry McAlarney ("McAlarney") was a guest at Marriott Ownership Resorts in St. Thomas (the "Marriott hotel"). That afternoon, he was walking on an outside stairway

when he hit his head on a protruding portion of the roof and rain gutter. As a result, he sustained injuries.

On September 12, 2015, McAlarney filed a three-count complaint against (1) Roy's Construction, Inc. ("Roy's Construction"), and Gerald R. Roy ("Roy"); (2) Marriott Ownership Resorts (St. Thomas), Inc.; and (3) Marriott Ownership Resorts, Inc. (Marriott Ownership Resorts (St. Thomas), Inc., and Marriott Ownership Resorts, Inc., are referred to collectively as "Marriott").

On April 12, 2018, the Court held a status conference in this matter. At that conference, the parties advised the Court that they had entered a settlement agreement resolving all claims. On the same date, the Court entered a judgment approving the settlement agreement, vacating the trial setting, and dismissing the case.

Once a court approves a settlement agreement in which the plaintiff agrees not to proceed on its claims against the defendant, there is no longer a case or controversy between the parties with respect to those claims. *See, e.g., Hurst v. Malone*, No. 2016-102, 2019 U.S. Dist. LEXIS 52488, at *8 (D.V.I. Mar. 28, 2019); *see also Bryan v. All Out Die Cutting, Inc.*, 32 F. App'x 651, 652 (3d Cir. 2002) ("Once the parties entered into a full release and settlement of all claims against the

individual and corporate Defendants and the agreements were approved by the Bankruptcy Court, an actual case or controversy ceased to exist, and the District Court could not properly exercise jurisdiction over the matter."). At that time, the court may no longer exercise jurisdiction over the matter and may close the case. *See id.* Significantly, the Court did not incorporate the settlement agreement into the judgment or otherwise retain jurisdiction to enforce the settlement agreement. As such, the Court lacks jurisdiction to enforce the settlement agreement. *See In re Phar-Mor, Inc. Secs. Litig.*, 172 F.3d 270, 275 (3d Cir. 1999) (holding that the district court lacked jurisdiction to address a motion to enforce "[b]ecause the parties' obligation to comply with the Settlement Agreement was not made part of the dismissal order, and the district court did not otherwise possess an independent basis for jurisdiction."); *see also Guiuan v. Villaflor*, 544 F. App'x 64, 65 (3d Cir. 2013) ("The District Court did not retain jurisdiction to enforce the settlement agreement or incorporate its terms merely by referencing the settlement in its order of

dismissal. Nor did it do so by permitting the parties to recite the settlement agreement on the record." (citation omitted)).

The premises considered, it is hereby

**ORDERED** that Marriott's motion for an extension of time, ECF No. 214, to make payment pursuant to the settlement agreement and to enforce the settlement agreement is **MOOT** due to the Court's lack of jurisdiction; and it is further

**ORDERED** that Marriott's motion to file document under seal, ECF No. 215, is **MOOT**.

S\_____
    **CURTIS V. GÓMEZ**
    **District Judge**